**Tony Darrell ROBINSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–97–00182–CR.**

Court of Appeals of Texas, Texarkana.

Argued Nov. 19, 1998.

Decided Dec. 31, 1998.

Daryll Bennett, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Appellant, Tony Robinson, appeals from his conviction for aggravated sexual assault. He was found guilty by a jury that assessed the maximum punishment of imprisonment for life and a $10,000.00 fine. Robinson complains that (1) the trial court erred in admitting the victim's outcry statements into evidence; (2) the outcry statements were unreliable and are hearsay under Article 38.072 of the Code of Criminal Procedure; (3) the trial court erred in admitting testimony of other misconduct by Robinson; and (4) the trial court abused its discretion in excusing a member of the venire panel.

Robinson was implicated by his girlfriend, Diane Hays, in the sexual assault of a three-year-old boy. Hays first reported the incident to her treating psychiatrist and then to the Longview police. Based on this report, Officer Carl Watley interviewed the alleged victim and his mother. The child did not report any abuse to the officer. Nevertheless, Officer Watley reported the incident to Child Protective Services (CPS) and requested that CPS conduct an interview.

Katy Wady of CPS conducted an interview with the child. In the initial part of the interview, Wady became acquainted with the child. Wady brought anatomically correct dolls with her to the interview and interviewed the child in private at the home of his grandmother. Once Wady felt the child was comfortable, she asked if anyone had touched his "wacko," the term the child used for penis. He said no. Wady and the child continued to play and talk, and she asked this same question several times during the interview. The child's response was consistently "no," that no one had touched him.

Wady then went to discuss her interview with the child's mother and grandmother. The mother and grandmother then told Wady that Hays had said that Robinson had forced the child to place lotion on Robinson's penis and had the child masturbate him. They also alleged that Hays reported that Robinson had forced the child to perform oral sex. Wady got a bottle of lotion and went back to the bedroom to further interview the child. They called the male doll "Tony," the first name of the defendant, and the female doll "Diane," the name of the defendant's girlfriend. The child then demonstrated putting lotion in his hand and performing masturbation on the male doll. The child then put the penis of the male doll in his mouth and demonstrated oral sex. Wady repeatedly asked who the male doll was, and the child responded "Tony." Based upon this interview, Wady believed that Robinson had sexually assaulted the child. Wady testified at trial to these facts.

■ In the first point of error, Robinson asserts that Wady was not an outcry witness because she was not the first adult to talk with the child. Article 38.072 of the Texas Code of Criminal Procedure provides a hearsay exception for statements made by a child abuse victim and is commonly known as the "outcry exception." The article provides:

Sec. 2.(a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (Vernon Supp.1999). Robinson alleges that the outcry exception attaches at the child's first opportunity to tell an adult about the abuse, in this case, Officer Watley. Robinson asserts that Officer Watley was the "outcry witness" since he was the first to question the child regarding the sexual abuse allegations.

The Texas Court of Criminal Appeals determined that the exception applies to "the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim.App.1990). The court went on to say that "we decline to read the statute as meaning that any statement that arguably relates to what later evolves into an allegation of child abuse against a particular person will satisfy the requisites of Sec. 2(a)(2)." *Id.*

The State admits that the child made no allegations of abuse during the interview with Officer Watley. The first particularized account of abuse was related by the child to Wady. Under the interpretation given to Article 38.072 in *Garcia*, we find that Wady was the proper "outcry witness" to whom the statutory exception regarding a hearsay statement of a child applies. The first point of error is overruled.

■ In his second point of error, Robinson asserts that, even if Wady was the proper outcry witness, the statement made by the child does not have the indicia of reliability required to be admissible. No objection as to reliability was made at either the required pretrial hearing which determined that Wady was the outcry witness or at trial when Wady testified to the statements the child made to her. Robinson argues that such an objection was made at the pretrial hearing and that this objection preserved error for review on appeal and thus made another objection at trial on the same subject matter unnecessary. Robinson's argument would be correct if such an objection had been made at the pretrial hearing. *See Fuller v. State*, 827 S.W.2d 919, 930 (Tex.Crim.App.1992). Robinson's motion requesting a pretrial hearing only asked the court to determine the correct outcry witness. Also, at the pretrial hearing, Robinson agreed with the prosecutor that the hearing was limited to determining the identity of the proper outcry witness. In order to preserve for review a complaint regarding the admission of evidence, there must be a timely, specific objection proffered at trial. *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim.App.1990). Failure to object at the time the evidence is offered waives the complaint. *Soto v. State*, 736 S.W.2d 823, 827–28 (Tex.App.-San Antonio 1987, pet. ref'd). Since no objection was made as to the reliability of the statement, this point of error is waived.

■ In the third point of error, Robinson alleges that the trial court erred in admitting testimony regarding the defendant's misconduct while in jail at the guilt/innocence phase of the trial. The misconduct complained of concerned two statements made to two different jailers. Before these statements were admitted, in a hearing outside the presence of the jury, Robinson had objected to the statements as showing bad acts and as being highly prejudicial. The court overruled these objections.

The first statement about which Robinson complains was one he allegedly made to jailer Elke Crump. Crump testified that Robinson told him, "I'm gonna f* * * your mother, I'm gonna f* * * your children, I'm gonna

make you watch, and I do it because I like it." The State asked the court to admit this statement to show intent, identity, signature, and motive. Robinson again objected, claiming that Crump was a police officer simply "trying to get stuff" on him. The court overruled Robinson's objection and allowed Crump to testify about the content of the statement made by Robinson.

The second statement offered by the State was from jailer John McRae, who testified that Robinson had made the following statement to other inmates: "I'll f* * * your old lady in the ass, and I'll make your kid finish it off." Prior to the introduction of this statement before the jury, the State informed the court that it was about to offer the statement to show "intent, identity ... and motive in this case as a signature." Robinson objected that the statement was irrelevant and also that the statement could not go to prove motive since Robinson was in jail.

█ Even if this Court found that the objections to the statements had merit, Robinson is unable to show any harm. The admission of the statements was harmless because similar statements had already been admitted without objection. If the same evidence is introduced from another source, without objection, the defendant is not in a position to complain on appeal. *Womble v. State,* 618 S.W.2d 59, 62 (Tex.Crim.App. 1981). The day before these jailers testified, two inmates testified that Robinson had made similar statements to each of them and threatened their family members in a similar manner as described by the jailers.[1] Robinson's third point of error is overruled.

█ In his last point of error, Robinson argues that the trial court erred by excusing venire member Laurence Winn. Following general voir dire, Winn was individually questioned with regard to the type of evidence he thought was necessary to support a guilty verdict in a child abuse case. The following exchange took place:

[PROSECUTOR]: You also indicated that in a child abuse case, that it might be necessary for you to actually have medical evidence in order for you to find a person guilty. Maybe you didn't exactly mean that. Can you talk to us about that?

[PROSPECTIVE JUROR]: What I mean by that, is that it sounds like, from what you said, that there is very little in the way of objective evidence.

[PROSECUTOR]: What do you mean by objective evidence?

[PROSPECTIVE JUROR]: I mean evidence that one can place a great deal of weight on, for example. I would not place very much weight on the testimony of a minor, especially a very young one.

[PROSECUTOR]: So you have already decided that if a child witness were to testify, that you would not believe that child over, let's say, the testimony of an adult witness. You would find the child to be less credible.

[PROSPECTIVE JUROR]: That is correct.

[PROSECUTOR]: And that's just across the board.

[PROSPECTIVE JUROR]: I believe so.

[PROSECUTOR]: And even—in addition, are you suggesting that testimony alone, even if you believe that, would not be sufficient. You would have to have some sort of physical or tangible evidence in order for you to return a verdict of guilty in a sexual assault of a child?

[PROSPECTIVE JUROR]: Yeah, I believe so.

[PROSECUTOR]: And sort [sic] of that, you cannot render a verdict of guilty?

[PROSPECTIVE JUROR]: That is what I believe.

[PROSECUTOR]: And you feel fairly strongly about that?

[PROSPECTIVE JUROR]: I do. My profession is based on that tenet.

[PROSECUTOR]: I'll pass, Your Honor.

---

1. "He said, 'and I'll f* * * your daughter'"; Robinson knew that the inmate's daughter was three years old.

"[Robinson said] he'd do my little boy and my family the same way he done that little three year old."

THE COURT: Mr. Bennett? [Defense Counsel]

[DEFENSE COUNSEL]: What is your profession?

[PROSPECTIVE JUROR]: Mechanical engineer.

[DEFENSE COUNSEL]: Have you already made up your mind in this case?

[PROSPECTIVE JUROR]: No.

[DEFENSE COUNSEL]: And you don't know what the evidence is, do you?

[PROSPECTIVE JUROR]: No.

[DEFENSE COUNSEL]: Could you listen to the evidence, no matter [what] you believe about the credibility of someone right now, but could you sit and listen to everybody's side, and look at all the evidence, and make a fair and just decision based upon that?

[PROSPECTIVE JUROR]: Yes.

[DEFENSE COUNSEL]: You're not saying you're going to disbelieve a minor just because they are a minor, are you?

[PROSPECTIVE JUROR]: No, but I place much less weight on that than I would the testimony of an adult.

[DEFENSE COUNSEL]: Just like you might put more credibility on a police officer, but you're going to weigh what he says anyway, aren't you?

[PROSPECTIVE JUROR]: That's right.

[DEFENSE COUNSEL]: Nothing further, Judge.

. . . .

THE COURT: Okay. Submission?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: Granted. I fully and finally excuse you at this time. I thank you for your frankness with us.

[DEFENSE COUNSEL]: We object, Your Honor.

THE COURT: Noted.

Robinson argues that the trial judge apparently excused Winn on his own motion and then asked the prosecutor if she concurred. Robinson asserts that this juror was rehabilitated and should not have been excused. The State argues that it was apparent to the court and to the State from this exchange that it was a challenge for cause and that the trial court did not excuse this juror *sua sponte*.

█ In an evidentiary context, it has long been noted that where the correct ground of exclusion was obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Crim.App. 1977). The same analogy can be applied in the current situation. It appears that all the parties understood what the judge was asking, that is, did anyone want to submit this juror for a challenge for cause. The State replied yes and the trial court excused the venire member. Defense counsel then made a general objection, but did not ask the trial court to be any more specific as to the action just taken. It is apparent from the exchange that Winn was not rehabilitated as to his requirement for objective, physical evidence in child abuse cases. It was proper for the trial court to excuse the venire member for requiring a certain type of evidence which was not required by law in reaching a guilty verdict. This point of error is overruled.

The judgment of the trial court is affirmed.