In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00015-CR
______________________________


DANIEL DEWAYNE HINTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F13,350


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Daniel Dewayne Hinton was convicted in a trial before the court for possession of
a controlled substance (cocaine) with intent to deliver. Hinton then pled true to the
allegation in the indictment that he had once before been convicted for possession of a
controlled substance (cocaine) with intent to deliver. The trial court assessed Hinton's
punishment at fifteen years' imprisonment and sentenced him accordingly. Hinton appeals,
asserting a single point of error: that the evidence is factually insufficient to sustain his
conviction. We will affirm the judgment.
          In a factual sufficiency review, we view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is too weak to support the finding
of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough
that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v.
State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d
477, 486 (Tex. Crim. App. 2004)).
          The only evidence presented was from the State. That evidence showed that, in
January 2004, police officer Stan Buckland sent a confidential informant to a residence
located in the City of Jefferson to purchase cocaine. The informant made the purchase
with two twenty dollar bills, the serial numbers of which Buckland had previously recorded. 
On the same day of this transaction, and based on it, Buckland obtained a search warrant
for the residence where the transaction had occurred. The only suspected person named
in the affidavit supporting the search warrant was George Cooper. During the execution
of this warrant, more than fourteen grams of cocaine was found in a door frame inside the
house. The cocaine was prepackaged in a number of small packages with "about a rock"
in each package. A handgun was also found in the house. 
          Hinton and others were standing in the front yard of this residence when the officers
arrived to conduct the search. Hinton and the others were detained, and after the search
of the residence, Hinton was searched and a number of twenty dollar bills, including the
two the confidential informant had used earlier that day to purchase cocaine, were found
on Hinton's person. Also found on his person was a "crack pipe" and a "pager."
          Cooper was not present when the search was conducted, and Hinton was the only
person on the premises who was arrested.
          When the accused is not in exclusive possession of the place where a substance
is found, it cannot be concluded that the accused had knowledge of and control over the
contraband unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband. Poindexter v. State, 153 S.W.3d 402, 406
(Tex. Crim. App. 2005). Circumstances that may link a defendant to the controlled
substance are: (1) the defendant's presence when the search was executed; (2) the
contraband was in plain view; (3) the proximity to and accessibility of the contraband;
(4) the defendant was under the influence of contraband; (5) the defendant's possession
of other contraband when arrested; (6) incriminating statements by the defendant when
arrested; (7) attempted flight by the defendant; (8) furtive gestures by the defendant;
(9) there was an odor of the contraband; (10) the presence of other contraband or drug
paraphernalia not included in the charge; (11) the defendant's ownership or right of
possession of the place where the controlled substance was found; (12) the drugs were
found in an enclosed place; (13) there was a significant amount of drugs; and (14) the
defendant possessed weapons or large amounts of cash. Stubblefield v. State, 79 S.W.3d
171, 174 (Tex. App.—Texarkana 2002, pet. ref'd).
          In the instant case, Hinton was in the front yard of the residence when the search
was executed. He was in possession of the two twenty dollar bills the confidential
informant had used earlier that day to purchase cocaine at that same residence. A "crack
pipe" was also found on his person. Travis Howard Redd, another Jefferson police officer
who assisted in the search, testified Hinton lived at the residence where the cocaine was
found and had some clothes there when the search was conducted. Redd also testified
he had personally seen Hinton at that residence several times. The quantity of cocaine
found inside the residence was a significant amount. A weapon was found inside the
residence, and Hinton had other twenty dollar bills on his person.
          On the other hand, Hinton was not present inside the residence at the time of the
search. Apparently, the cocaine was not in plain view. Buckland testified it was found in
a door frame, "wedged between the door facing and . . . the doorjamb." No cocaine was
found on Hinton's person. There was no evidence Hinton was under the influence of
contraband, made incriminating statements, attempted to flee, or made furtive gestures. 
Redd admitted he did not check the deed records or the tax records to see if Hinton was
the owner of the property where the cocaine was found. Cooper, the only person named
in the search warrant affidavit, lived at the residence with Hinton. 
          The number of affirmative links present is not as important as the degree to which
they tend to link the defendant to the controlled substance. Id. Viewing all the evidence
in a neutral light, we find the degree to which the evidence tends to link Hinton to the
cocaine in this case is not so weak as to undermine the finding of guilt beyond a
reasonable doubt. Further, we find the evidence contrary to that verdict is not strong
enough that the beyond-a-reasonable-doubt standard could not have been met. The
evidence is factually sufficient. 
          Hinton cites White v. State, 890 S.W.2d 131 (Tex. App.—Texarkana 1994, pet.
ref'd), as precedent for this case. In that case, this Court reversed White's conviction for
possession of cocaine with intent to deliver because there was factually insufficient
evidence linking him to the contraband other than his presence on a vacant lot with a
number of other people where the cocaine was found. There are circumstances in the
instant case—not present in White—linking Hinton to the cocaine found in the house. We
therefore find White easily distinguishable. 
 

          We overrule Hinton's sole point of error and affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 27, 2005
Date Decided:         June 28, 2005

Do Not Publish

            



eiselbetz v. State, 906 S.W.2d 500, 504 (Tex.
Crim. App. 1995). Conflicts in the evidence are to be resolved by the jury. In doing so, it may
accept one version of facts and reject another, reject any of a witness' testimony, and reconcile
conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. See Penagraph
v. State, 623 S.W.2d 341 (Tex. Crim. App. [Panel Op.] 1981); Banks v. State, 510 S.W.2d 592 (Tex.
Crim. App. 1974). The jury was in the best position to make credibility determinations of this kind,
and we give deference to its determination, implicit in the verdict, that T.W.'s account of penetration,
among numerous acts of touching, was credible. 

 The record indicates that testimony supports the findings that Wild penetrated T.W.'s genitals
with both his finger and tongue. Additionally, the record supports that Wild touched T.W.'s
genitals--whether with finger, hand, or mouth--in numerous incidents, both in the bedroom and
bathroom, so as to support the indecency charge with a separate act. On our review of all the
evidence, and giving deference to the jury's determination of credibility and weight, we find the
evidence is factually sufficient, by the established standard, to support conviction on each of the
counts. The point of error is overruled.

II. Hearsay

 In Wild's final point of error, he complains that the court abused its discretion in admitting,
over a hearsay objection, testimony from Jan Snow that T.W. had said she "was threatened several
times . . . that she would deeply, deeply regret it if she ever told." We review the trial court's
decision to admit or exclude evidence under an abuse of discretion standard. See Green v. State, 934
S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990). 

 Texas law generally requires a party to continue objecting each time inadmissible evidence
is offered. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). If the same
evidence is introduced from another source, without objection, the defendant is not in a position to
complain on appeal. Womble v. State, 618 S.W.2d 59, 62 (Tex. Crim. App. [Panel Op.] 1981); see
also Reyes v. State, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002); Leday v. State, 983 S.W.2d 713,
718 (Tex. Crim. App. 1998); Robinson v. State, 985 S.W.2d 584, 587 (Tex. App.--Texarkana 1998,
pet. ref'd). 

 The record indicates that Wild did not object to the admission of the same or similar
testimony from several other witnesses. In fact, the first testimony on the subject came on Wild's
own questioning of T.W.'s mother, the State's first witness, when in response to whether T.W. had
stated at her first recounting of her abuse if Wild had told her she would regret telling, the mother
responded that T.W. told her about the threats at a later time. Both CAC interviewer Griffith and
T.W. herself testified without objection that Wild told T.W. she would deeply regret it if she told
anyone of the abuse. The record also contains no indication of objection when the jury watched the
CAC forensic interview recording in which T.W. made the statement. 

 Wild did not object to the same evidence coming from several other sources. He has failed
to preserve his complaint for review. We overrule this point of error.

 We affirm the judgment.




 Jack Carter

 Justice


Date Submitted: August 9, 2007

Date Decided: October 26, 2007


Do Not Publish


1. To protect the victim's identity, we refer to her by her initials.
2. Wild did not request that the State elect the particular act relied on as the basis for each
charged offense. See, e.g., Dixon v. State, 201 S.W.3d 731, 733 (Tex. Crim. App. 2006).