Sheldon MOSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–129–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

Rehearing Overruled Oct. 2, 1997.

**202**

Eli C. Salinas, Bill May, Corpus Christi, for Appellant.

Carlos Valdez, Adolfo Aguilo, Jr., Corpus Christi, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Sheldon Mosley appeals from his conviction on three counts of aggravated sexual assault of a child and habitual felony offender[1] to which he plead not guilty. After enhancement due to prior convictions, a jury sentenced appellant to sixty years imprisonment on each count to be served concurrently. Appellant sought a new trial, but the trial court denied that motion after an evidentiary hearing, and this appeal ensued.

In three points of error, appellant challenges the trial court's admission of an outcry statement, failure of the trial court to compel production of exculpatory evidence, and failure of the trial court to permit a continuance of the trial. We affirm.

## Facts

S.M., a three-year-old girl, lived in the care of her step-grandmother, Celia Varela. Ms. Varela cared for S.M. from infancy while S.M.'s mother served time in prison. S.M.'s father, appellant in this case, frequently took her on visitation, though Ms. Varela had won temporary custody and managing conservatorship in 1995. The custody dispute between Ms. Varela and appellant was ongoing at the time of the assault. During the week following a two-week stay with Mr. Mosley, S.M. became agitated and "panicky" at the prospect of returning to visit appellant. Through tears, she told Ms. Varela she did not wish to return to appellant's because he had hurt her. S.M. demonstrated various forms of sexual assault she alleged Mr. Mosley had performed on her. Ms. Varela contacted her attorney and Driscoll Children's Hospital, where S.M. was examined by Dr. Lukefahr. Physical examination revealed evidence of sexual molestation likely to have

occurred within the two-week period prior to examination. Following the physical examination, S.M. repeated her story of appellant's alleged assault to the examining physician and nurse. She also told Dr. Lukefahr she had been similarly assaulted by other children at her day care center. S.M. again repeated her story to a professional counselor and demonstrated the attacks she attributed to Mr. Mosley through anatomical dolls.

## Argument

Appellant complains, in his first point of error, the trial court erred by admitting the testimony of Ms. Varela concerning statements made to her by S.M. He argues the evidence is inadmissible hearsay which does not fall within any of the exceptions found in rule 803 of the rules of criminal evidence. Ms. Varela testified that in August of 1995 S.M. became "panicky" and began crying when discussing her return visit with Mr. Mosley. Ms. Varela further testified that S.M. told her appellant had hurt her. Appellant made a hearsay objection to this testimony. The State responded that the rules of evidence allowed this testimony as a hearsay exception as that of an outcry witness. The trial court overruled the objection without conducting any further hearing. Ms. Varela went on to testify in more detail about the child's demonstration of how she had been molested, and said that S.M. identified appellant as her assailant.

The State contends that, though the testimony was hearsay, the trial court did not err in admitting Ms. Varela's testimony because it was admissible as an "outcry" statement under article 38.072 of the code of criminal procedure. TEX.R.CRIM.EVID. 801(d); TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1997). Hearsay is not admissible except as provided by statute or by the rules of criminal evidence. TEX.R.CRIM.EVID. 802; *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App.1990). Article 38.072 provides a statutory exception to the hearsay rule allowing the introduction of "outcry" testimony otherwise inadmissible as hearsay.

1. TEX.PENAL CODE ANN. §§ 12.42, 22.021 (Vernon 1996).

*Long*, 800 S.W.2d at 547. However, once a hearsay objection has been raised, the burden shifts to the State as proponent of the hearsay evidence to establish compliance with the mandatory provisions of article 38.072 in order for the testimony to be rendered admissible. *See Long*, 800 S.W.2d at 547; *Villalon v. State*, 791 S.W.2d 130, 135–36 (Tex.Crim.App.1990).

Article 38.072 applies only to hearsay statements of child abuse victims, including aggravated sexual assault of a child and other sexual offenses under chapters 21 and 22 of the penal code, when the offense is committed against a child twelve years of age or younger. TEX.CODE CRIM.PROC.ANN. art. 38.072, § 1 (Vernon Supp.1997).[2] The statute applies only to the victim's statements which describe the alleged offense and which were made to the first person over the age of eighteen, other than the defendant. TEX. CODE CRIM.PROC.ANN. art. 38.072, § 2(a) (Vernon Supp.1997).[2] As a further mandatory provision for admission, § 2 provides:

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or at any other manner provided by law.

TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(b) (Vernon Supp.1997) [3]

First, the State argues Mr. Mosely waived error by failing to timely object. We do not agree. The question which elicited the offending testimony was: "How was [S.M.] acting when she told you she didn't want to go back [to appellant's]." We do not find this question of the kind to put appellant on notice that hearsay was being solicited. We find appellant's general hearsay objection sufficient to preserve his complaint that the proffered testimony was inadmissible hearsay. *See Lankston v. State*, 827 S.W.2d 907, 910–11 (Tex.Crim.App.1992); *Long*, 800 S.W.2d at 546–47.

Because Mr. Mosley was convicted pursuant to § 22.021 of the penal code and S.M. was three years old at the time of the charged offense, article 38.072 is applicable. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072, § 1(1). In order for Ms. Varela's testimony to be admissible over appellant's objection, the State was required to establish compliance with article 38.072, § 2. *See Long*, 800 S.W.2d at 547; *Villalon*, 791 S.W.2d at 135–36.

Our review of the record does not reveal any indication of the State's effort to comply with article 38.072. There is no testimony alleging Ms. Varela to be the first person over eighteen, other than appellant, to whom S.M. described the alleged offense. There is no evidence the State notified appellant of its intent to use this testimony, identified the outcry witness, or provided Mr. Mosley with a written summary of the statement. The record contains no evidence the trial court conducted the required hearing, outside the presence of the jury, as to the reliability of the statement. We are unable to conclude that all of the notice requirements for an outcry statement were met.

Next, the State contends the evidence was properly admitted as an "excited utterance", if not an outcry statement. Again, we do not agree. To admit evidence under the excited utterance exception to the hearsay rule, the offeror must show the declarant was "in the grip of a shocking event so as to render the statement a spontaneous

---

2. No substantive variation exists between the new version of the code provision and the old.

3. No substantive variation exists between the new version of the code provision and the old.

utterance." *Ward v. State,* 657 S.W.2d 133, 136 (Tex.Crim.App.1983). Time and intervening circumstances tend to attenuate the shock of an event, and reduce spontaneity. Consequently, one factor the trial court must consider on the issue of admissibility (i.e. spontaneity) is the time elapsed between the statement and the shocking event. *Id.* at 136. Another factor to consider is whether intervening circumstances occurred between the shocking event and the statement. However, no single factor is dispositive, and each case must be judged on its merits. *Torres v. State,* 807 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, pet. ref'd); *see Short v. State,* 658 S.W.2d 250, 255 (Tex.App.—Houston [1st Dist.] 1983), *affirmed,* 671 S.W.2d 888 (Tex.Crim.App.1984) (holding four-and-one-half hours was not too long a period of time between an exciting event and a statement made by a child still in extreme pain regarding the cause of his injury.) As we noted in *Parks v. State,* 843 S.W.2d 693, 698 (Tex.App.—Corpus Christi 1992, pet. ref'd), in our view, *Short* is rather close to the outer limit on the amount of time that may pass before the excitement of an event begins to wear off. While time between the exciting event and the proffered statement is not dispositive, it is the lack of opportunity to fabricate details that lends this exception to hearsay its credibility. The "excitement" experienced by the declarant must be continuous between the event itself and the statement describing it.

In the instant case, the State relies on S.M.'s state of agitation and distress at the time she described her assault to Ms. Varela. While S.M.'s agitation may, indeed, be genuine, and springing from the event which she described, it was not the uninterrupted emotional state anticipated by rule 803(2). The evidence shows a number of days passed between the time S.M. was molested and the time at which she made her statement. Also, in the intervening time, S.M. returned home to her step-grandmother. There is no evidence, nor even a suggestion by the State, that S.M. remained in the requisite state of agitation or shock from the time of her assault to the time she made her outcry statement as required by rule 803(2).

In light of the State's failure to comply with the notice and hearing requirements, and our finding that no other valid hearsay exception applies, we hold the trial court erred in admitting the testimony.

 Having found that the trial court erred in failing to sustain appellant's hearsay objection, we must examine whether the error was harmless. Tex.R.App.P. 44.2. In making this determination, we consider the following factors: (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State and its probable collateral implications; (4) the weight a juror would probably place on the error; and (5) whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989). We use these considerations to determine, beyond a reasonable doubt, whether the error contributed to the conviction or punishment as required by former rule 81(b)(2).[4] Comparing the former rule to the present equivalent rule,[5] we find the analysis is the same for errors of constitutional dimension. So called "Other Errors," that is, errors not rising to constitutional significance, are reviewed under a lesser standard. Without deciding whether constitutional rights have been implicated in the case at hand, we conclude the *Harris* test, established under the

4. Former rule 81(b)(2) provided: *Criminal Cases.* If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81, 707–708 S.W.2d (Tex.Cases) LXXX (1986, superseded 1997).

5. Rule 44.2 provides: (a) *Constitutional Error.* If the appellate record in a criminal case reveals

constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. Tex.R.App.P. 44.2

more rigorous standard, is appropriate here. In considering these factors, this Court should be concerned with the integrity of the process leading up to the conviction, not the propriety of the outcome of the case. *Id.* at 587–88. After analyzing the factors, in light of the evidence properly before the jury, we must then determine whether a rational trier of fact might have reached a different result if the testimony had not been admitted. *Id.* at 587.

With regard to the first factor, the asserted error arose from the State's failure to prove compliance with the notice and hearing requirements of article 38.072. In reviewing the nature of the error, we must examine whether the State intended to taint the trial in offering inadmissible evidence. *Higginbotham v. State*, 807 S.W.2d 732, 735 (Tex.Crim.App.1991). Given the fact the State gave appellant some notice of its intention to use Ms. Varela's testimony, and appellant raised no complaint with regard to lack of notice or surprise, we are unable to conclude the State intended to taint the trial by offering the testimony.

In considering the first prong of the third factor, the record shows the State did not emphasize Ms. Varela's testimony. Ms. Varela's testimony on the outcry was brief and to the point. *See Norman v. State*, 862 S.W.2d 621, 624 (Tex.App.—Tyler 1993, pet. ref'd). The record shows the State only briefly mentioned Ms. Varela's statement during closing arguments. When considering the possible collateral implications of this evidence, we should examine whether it disparaged a sole defense and its impact on sentencing. *See Higginbotham*, 807 S.W.2d at 737; *Norman*, 862 S.W.2d at 624. We find the error had minimal collateral implications because Ms. Varela's testimony was not the only evidence of S.M.'s assault by appellant. *See Norman*, 862 S.W.2d at 624–25. S.M. testified appellant hurt her. She testified appellant injured her where she "pee-pee'd" and "poo-poo'd" and that appellant hurt her while she was on her stomach and on her back. There is no evidence that the admission of Ms. Varela's testimony had any impact on appellant's sentence. The punishment range available was twenty five years

to life and the jury set appellant's punishment in the middle of that range.

With regard to the fourth factor, appellant conducted a limited cross-examination of S.M., focusing primarily on her happy memories with appellant and attempting to elicit testimony implicating other possible assailants. Aside from stressing the ongoing custody battle between Ms. Varela and himself, appellant made no other attempt to attack her credibility, so it is unlikely the jury assigned an undue weight to Ms. Varela's testimony. In considering the fifth factor, we find that, since our holding is strictly limited to the facts at hand, declaring the error harmless would not encourage the State to repeat it with impunity.

Finally, a review of the challenged testimony reveals Ms. Varela, in response to the prosecutor's question, "How was [S.M.] acting when she told you she didn't want to go back [to appellant's]," said:

> Well, she panicked, she was crying, and I said, "Why don't you want to go with your dad, he's your dad?" And she said, "No, Mommy, I don't want to go because he hurt me." I said, "What do you mean, he hurt you? Does he spank you?" And she says, "No, he hurt me." I says, "How, [S.M.]?" And that's when she told me. Well, me, that I take care of her [sic], I just break down. I said, I can't believe this. She said, "Yes, Mommy, he hurts me. I don't want to go back."

Appellant challenges as hearsay, then, only the statements attributed to S.M. in which she claims appellant hurt her and that she did not wish to return. We can find no other factual propositions contained in the challenged testimony. We also look to the record for evidence implicating appellant. We find: testimony from S.M. naming appellant and describing the assault; testimony from Dr. Lukefahr indicating S.M. had been sexually abused within a two week period prior to examination, consistent with appellant's visitation; Dr. Lukefahr's testimony that S.M. identified appellant as her assailant and identified the areas of her body appellant had molested; testimony from Dr. Lukefahr's nurse, Alma Baghezza, corroborating Dr. Lukefahr's testimony and stating S.M. demon-

strated appellant's assault using dolls. We are unable to conclude that a rational trier of fact would have reached a different result if the outcry testimony had not been admitted in light of the incriminating evidence properly admitted. Having found the trial court's error harmless, appellant's first point of error is overruled.

Mr. Mosley complains, in his second point of error, the trial court erred by refusing to order production of an offense report[6] requested by appellant alleged to contain exculpatory evidence. Appellant contends the State possessed evidence material to his guilt or innocence. Following the close of his case, appellant's trial counsel, citing *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), requested a continuance in order to locate and review an offense report allegedly prepared by the Corpus Christi Police Department relating to a sexual assault perpetrated by Jessica Varela, step-sister of S.M., against another child. Counsel was specific in his reference, citing a report number. Though counsel claimed he had only then learned of the report, the trial court ascertained appellant had knowledge of the incident, and claimed to have informed counsel months prior to trial. The trial court denied appellant's motion for continuance. Neither the prosecutor nor appellant's counsel were able to locate the alleged report; the prosecutor reported that no such police report number was listed in the computer system.

As the court of criminal appeals held in *Means v. State,* 429 S.W.2d 490, 496 (Tex. Crim.App.1968), while there exists a constitutional duty of the prosecution to disclose evidence favorable to the accused where the evidence is material to guilt or punishment in absence of a request, if such facts were known *to the appellant or his trial counsel,* he cannot, on appeal, seek relief on the basis of the State's failure to disclose the same facts. *Id.* at 496 (emphasis added); *see also Ex parte Russell,* 738 S.W.2d 644, 646 (Tex. Crim.App.1986).

There is nothing in the record to show appellant (or his trial counsel) did not know of the alleged offense report before trial. Indeed, appellant claims he knew of the alleged incident at least some months prior to trial and claimed to have received details as to the existence of the police report at least a week prior to trial. Given that appellant has provided no evidence that such a report was actually ever generated, that the record demonstrates the State was unable to locate any report using the numbers provided by appellant, and that Mr. Mosley, at least, claimed to be aware of the report well before trial, we find the trial court committed no reversible error. Point of error number two is overruled.

By his third point, appellant challenges the trial court's refusal to delay trial in order to permit appellant time to obtain exculpatory evidence. After the conclusion of the appellant's case-in-chief, appellant's attorney orally requested a recess and then a "brief recess" in order to research the offense report described in point of error two. The trial court interpreted this as a motion for continuance and denied the motion, but allowed counsel to continue research into the matter through lunch. Appellant's subsequent motion for mistrial was also denied. Because the motion was neither written nor sworn, error has not been preserved for review. Tex.Code Crim.Proc.Ann. arts. 29.03, 29.08 (Vernon Supp.1997); *Matamoros v. State,* 901 S.W.2d 470, 478 (Tex.Crim.App. 1995); *Montoya v. State,* 810 S.W.2d 160, 176 (Tex.Crim.App.1989). Point of error three is overruled and the judgment is AFFIRMED.

---

6. We note that nowhere in the record does appellant move for a court order compelling production of the alleged report; appellant moves only for a continuance.