James Scot **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–98–00086–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 14, 1999.

Decided June 15, 1999.

Rehearing Overruled Aug. 10, 1999.

Harold Glenn Adams, Plano, Stephen Paul Wohr, Lake Dallas, for appellant.

Laurine Jean Blake, Asst. Dist. Atty., Tom O'Connell, Dist. Atty., McKinney, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

James Scot Thomas appeals from his conviction for indecency with a child. A jury found him guilty and assessed his punishment at eight years in prison and a $2,000.00 fine. Thomas contends the trial court committed reversible error by allow-

ing inadmissible hearsay from an improper outcry witness and by admitting evidence of an extraneous offense during the punishment phase without determining its relevance.

A.W., the victim, was seven years old at the time of the offense and nine years old at the time of trial. On November 2, 1996, A.W. spent the night with T.T., a friend. Tracy Hoffman, A.W.'s mother, had given her permission to visit. A.W. and T.T. stayed at Barbara Thomas' ("Ms.Thomas") house. Ms. Thomas is the mother of the defendant Thomas and the grandmother of T.T.

At the time of the offense, Thomas was living with his mother. During the night, T.T. told Ms. Thomas that A.W. was not in her bed. Ms. Thomas found A.W. in Thomas' bedroom, where he was squatting down on the floor talking to the child. Thomas told his mother that A.W. had been crying and screaming and he was trying to calm her. Ms. Thomas took A.W. back to bed. The next morning, T.T. told Ms. Thomas that A.W. wanted to tell her something but was afraid she would get in trouble. A.W. told Ms. Thomas that Thomas had touched her in bad places and on her private parts and told her not to tell. Later that afternoon, Ms. Thomas took A.W. back home and told Hoffman that A.W. had accused Thomas of touching her private parts. Hoffman took A.W. aside and asked her about the incident.

During its case in chief, the State called Hoffman to the stand to testify about the statements A.W. made to her about the offense. Thomas objected on the ground that Hoffman's testimony was hearsay. The trial court conducted a hearing outside the presence of the jury to determine the proper outcry witness, pursuant to TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.1999). After the hearing, the trial court ruled that Hoffman was the proper outcry witness and allowed her to testify about the statements A.W. made to her about Thomas's indecency.

Thomas contends the trial court erred when it found that Hoffman was the proper outcry witness. He argues that Ms. Thomas was the first person A.W. told about the details of the incident and, thus, she was the only proper outcry witness who could testify. The State argues that A.W.'s statement to Ms. Thomas was not an outcry statement because it did not contain the specificity required by the Code of Criminal Procedure. Hoffman, the State contends, was the first person to hear A.W. specifically describe the offense.

Hearsay is not admissible except as provided by statute or by the rules of criminal evidence. *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App.1990); *Hayden v. State,* 928 S.W.2d 229, 231 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd). Article 38.072 of the Texas Code of Criminal Procedure provides a hearsay exception for statements made by a child abuse victim. This exception is commonly known as the "outcry exception." *Robinson v. State,* 985 S.W.2d 584, 586 (Tex.App.-Texarkana 1998, no pet. h.). Article 38.072 provides:

> This article applies only to statements that describe the alleged offense that:
>
> (1) were made by the child against whom the offense was allegedly committed; and
>
> (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(2). The trial court is afforded broad discretion to determine whether a complainant's statement falls within the Article 38.072 hearsay exception. *Hayden v. State,* 928 S.W.2d at 231.

It is undisputed that A.W. first talked to Ms. Thomas about the offense. The issue we must decide is whether A.W. sufficiently described the offense to Ms. Thomas to make her the proper outcry witness. A "statement about the offense" means more than a general allusion to

sexual abuse. It must describe the alleged offense in some discernible manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim. App.1990). The Beaumont Court of Appeals has found that a child described an unmistakable act of indecency when she told her mother that the defendant "was touching her in places that he shouldn't" and "was messing with her" by trying to touch her "top" or breasts. *Ramirez v. State*, 967 S.W.2d 919, 922 (Tex.App.-Beaumont 1998, no pet.). Although not directly on point but helpful to our determination, the case of *Gallegos v. State* by the Corpus Christi Court of Appeals held that when a child has sufficiently communicated that the touching occurred to a part of the body within the definition of the statute, the evidence will be sufficient to support a conviction regardless of the unsophisticated language the child uses. *Gallegos v. State*, 918 S.W.2d 50, 54 (Tex.App.-Corpus Christi 1996, pet. ref'd) (citing *Clark v. State*, 558 S.W.2d 887, 889 (Tex.Crim.App. 1977)).

■ At the hearing to determine the outcry witness, Ms. Thomas testified that A.W. told her Thomas had taken her into his bedroom, touched her private parts, and told her not to tell. Hoffman also testified that when Ms. Thomas brought A.W. home from her house, Ms. Thomas told her that A.W. said Thomas "touched her privates." A.W. also testified at the hearing. She testified that she told Ms. Thomas that Thomas woke her up the previous night and did something bad to her and touched her in the wrong spots.

A.W.'s statements to Ms. Thomas were more than a general allusion to sexual abuse. Three witnesses testified that A.W. described Thomas' acts of indecency to Ms. Thomas the morning after the inci-

dent. Thus, the trial court erred in designating Hoffman as the first person to whom A.W. made a statement describing the offense within the meaning of Article 38.072.

■ The State argues that Hoffman was the proper outcry witness because A.W.'s statement to her was more detailed than that made to Ms. Thomas. We disagree. The proper outcry witness is not to be determined by comparing the statements the child gave to different individuals and then deciding which person received the most detailed statement about the offense. *See Reed v. State*, 974 S.W.2d 838, 841 (Tex.App.-San Antonio 1998, pet. ref'd). Rather, Article 38.072 contemplates allowing the first person to whom the child *described the offense in some discernible manner* to testify about the statements the child made. *Garcia v. State*, 792 S.W.2d at 91. We conclude that the trial court abused its discretion by designating Hoffman as the outcry witness and allowing her to testify to what A.W. told her.

Having found that the trial court erred in failing to sustain Thomas' hearsay objection, we must determine whether the error was harmful. TEX.R.APP. P. 44.2.[1] Thomas contends that we should review the trial court's error under the constitutional error standard set out in TEX.R.APP. P. 44.2(a). He cites us to a recent case, *Mosley v. State*, 960 S.W.2d 200, 204 (Tex. App.-Corpus Christi 1997, no pet.), to support his position. The court in that case found that the trial court erred in allowing hearsay from an improper outcry witness. *Id.* In determining the proper harmless error standard, the court stated, "Without deciding whether constitutional rights have been implicated in the case at hand, we conclude the *Harris* test [*Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989)[2]

---

1. TEX.R.APP. P. 44.2 provides in relevant part.

    (a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reason-

able doubt that the error did not contribute to the conviction or punishment.

    (b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

2. A reviewing court must consider the following factors under the *Harris* test:

], established under the more rigorous standard, is appropriate here." *Mosley v. State*, 960 S.W.2d at 204–05. Thomas argues that *Mosley* requires us to look at the factors outlined in *Harris* to determine whether we find beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP. P. 44.2(a); *Mosley v. State*, 960 S.W.2d at 204–05.

We disagree with Thomas and the decision in *Mosley*. Instead, we conclude that the trial court's error should be reviewed under Rule 44.2(b). The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Likewise, improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex.Crim.App. 1991).

The error here was harmless. First, we cannot say, after examining the record as a whole, that allowing Hoffman to testify about the hearsay statements influenced the jury. The record is replete with testimony from witnesses other than Hoffman concerning A.W.'s statements about the offense. Ms. Thomas stated several times throughout her testimony that A.W. told her Thomas touched her in her private places. When Thomas took the stand, he also testified that A.W. ac-cused him of touching her in her private places. Finally, A.W. testified to the exact same facts that Hoffman testified to earlier. Because the same evidence was introduced without objection at other points in the trial, the trial court's error in admitting A.W.'s hearsay statements through Hoffman was harmless.

Next, Thomas contends that the trial court erred in admitting evidence of an extraneous offense during the punishment phase of the trial. Specifically, he argues that the trial court did not make a threshold determination of relevance. He also asserts the trial court improperly concluded that the State proved the extraneous offense beyond a reasonable doubt instead of leaving that determination to the jury.

The State called Officer Elizabeth Wigzell to testify about a military burglary conviction Thomas told her about during the investigation of the indecency charge. Thomas objected based on his motion in limine, and the trial court held a hearing outside the presence of the jury. Thomas' motion in limine asked the court

> to exclude all extraneous crime or misconduct evidence which is not alleged in the Indictment, unless it can be shown to the Court, outside the presence of the jury by sufficient proof that defendant perpetrated such conduct, that this evidence is relevant to a material issue in the case, other than character conformity, and its probative value outweighs its potential for prejudice.

At trial, Thomas only asked that the trial court limit extraneous offenses to those the State proved by sufficient evidence.[3]

---

(1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State and its probable collateral implications; (4) the weight a juror would probably place on the error; and (5) whether declaring the error harmless would encourage the State to repeat it with impunity.

*Mosley v. State*, 960 S.W.2d 200, 204 (Tex. App.-Corpus Christi 1997, no pet.) (citing *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim.App.1989)).

3. Thomas stated at the hearing:

> THE COURT: Let me locate that before we go further. Which motion in limine are you referring to?
> [DEFENSE COUNSEL]: It just said, Motion in Limine, February 20, the motion which I moved to exclude all extraneous conduct which was not alleged in the Indictment, unless it can be shown to the Court outside the presence.
> . . . .

Thomas did not object to the extraneous offense evidence on the ground of relevance.

■ To properly preserve error with regard to inadmissible extraneous offense evidence, Thomas must have made a timely request, objection, or motion stating the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint and secure a ruling. TEX.R.APP. P. 33.1. A motion in limine will not suffice as an objection at trial. *Webb v. State*, 760 S.W.2d 263, 275 (Tex.Crim.App.1988). A motion in limine may, however, be sufficient to apprise the trial court of the basis of a subsequent nonspecific objection at trial. *Snellen v. State*, 923 S.W.2d 238, 242 (Tex.App.-Texarkana 1996, pet. ref'd); *Blacklock v. State*, 681 S.W.2d 155, 156 (Tex.App.-Houston [14th Dist.] 1984, pet. ref'd).

■ We find that Thomas waived any error in this regard. He did not specifically request the trial court to make a relevancy determination on the burglary conviction at the punishment phase of trial. His motion in limine requested a relevancy determination, but he did not object on that ground at the time the evidence was offered. He only objected and requested the trial court to require that the State prove the extraneous conduct by sufficient evidence. He waived any error regarding relevancy. We also find that Thomas' motion in limine did not apprise the trial court of his relevancy objection at trial. Thomas' objection at trial specifically asked for a court determination of proof by sufficient evidence. He did not object on all of the grounds listed in his motion in limine. The record before us does not demonstrate that the trial court was aware

that Thomas was making a relevancy objection. Accordingly, this point is waived.

■ Thomas also contends the trial court erred by determining that the extraneous conduct was proved beyond a reasonable doubt, rather than leaving that determination to the jury. He cites us to *Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim.App.1996), for the court's holding that during the punishment stage of a trial the jury, as the exclusive judge of the facts, is to determine whether or not the State has proved the extraneous offenses beyond a reasonable doubt, and should be so instructed when requested.

After overruling Thomas' motion to exclude the extraneous conduct evidence, the trial court made a threshold determination, outside the presence of the jury, that the evidence was believable beyond a reasonable doubt. The trial court's punishment charge did not contain a reasonable doubt instruction, and no objection was to made to it on that ground. Thomas contends that he was precluded from objecting to the charge because the trial court had already made a determination on reasonable doubt.

We addressed a similar situation in *McQueen v. State*, 984 S.W.2d 712, 719 (Tex.App.-Texarkana 1998, no pet. h.). In *McQueen*, we held that a defendant does not preserve error when he fails to object to the lack of a reasonable doubt instruction in the punishment charge. *See id.* We also held that if error was preserved without an objection to the charge, the correct standard of harm analysis is the egregious harm standard set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984).

[DEFENSE COUNSEL]: To put on the record, Your Honor, I have made a motion in limine. That motion was filed on February 20, 1998, and that motion moved the State to exclude all extraneous evidence or conduct not alleged in the Indictment unless it can be shown to the Court outside the presence of the jury by sufficient proof. . . . .

. . . .

[DEFENSE COUNSEL]: Your Honor, I would renew my motion for mistrial based upon the State's violation in the motion in limine with regard to extraneous offense[s]. I don't think the State did prove that Mr. Thomas did commit an extraneous offense beyond a reasonable doubt. . . . .

We agree with Thomas that the jury is the exclusive judge of the facts and is to determine whether the State has proved the extraneous offenses beyond a reasonable doubt. But, we also agree with the *Mitchell* court that the jury should be so instructed *when requested.* Because Thomas did not object to the lack of a reasonable doubt instruction or request one, he did not preserve error.

For the reasons stated, we affirm the judgment of the trial court.