NUMBER 13-98-372-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


SUSAN MARIE TORRES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of DeWitt County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa


 A jury found appellant, Susan Marie Torres, guilty of intoxication
manslaughter(1) and assessed her punishment at fifteen years
imprisonment. By two points of error, appellant contends: (1) the trial
court erred by refusing to charge the jury on the defense of necessity,
and (2) the prosecution violated its duty to disclose exculpatory
evidence when it attempted to suppress evidence that the deceased
was not wearing a seatbelt during the collision. We affirm.

A. Background


 On April 19, 1997, appellant was in Point Comfort, Texas, visiting
Charles Dunaway, a Point Comfort police officer. Appellant had traveled
with her daughter from San Antonio to Point Comfort on April 18 to visit
Dunaway and to spend time at the beach. On April 19, the three spent
the day at the beach, and appellant and Dunaway consumed an
undetermined amount of alcohol. At approximately 6:00 p.m., the three
stopped at a grocery store and then returned to Dunaway's home to
barbecue. Appellant was barbecuing while Dunaway played on the
computer with appellant's daughter. Appellant appears to have been
drinking while she was barbecuing. A fight then erupted between
appellant and Dunaway over a telephone call from a female neighbor. 
It is controverted as to who started the fight, but appellant did throw a
bucket full of water at Dunaway, and Dunaway pushed appellant to the
ground. After these incidents and a continuous exchange of words,
Dunaway asked appellant to leave his home and called the police. 
Appellant was packing her car when the police arrived. Appellant told
the police officer she was leaving and then proceeded to leave
Dunaway's residence with her daughter at approximately 9:10 p.m.

 When appellant left Dunaway's residence, her intention was to
return to San Antonio. Appellant stopped in Victoria at a convenience
store about 10:00 p.m. to get gas and to make a telephone call to a
friend in San Antonio to let him know she was returning to San
Antonio. Appellant then returned to Highway 87, heading toward San
Antonio. 

 Outside of Cuero, at about 10:30 p.m., appellant's car ran into a
Blazer driven by Kevin Shane Singleton. Appellant, in the northbound
lane, was traveling on a curve when she went into the southbound
lane. Singleton was able to move his car over onto the shoulder, and
appellant's vehicle ended up hitting Singleton's Blazer near the rear
door on the driver's side. This contact caused Singleton's vehicle to
spin around and flip over four or five times. As a result, Shirley Wenske
was ejected from Singleton's vehicle and landed in a rose thicket. 
Wenske died at the scene of the accident. Singleton and the other two
passengers in the Blazer were unharmed. Appellant and her daughter
also did not receive any injuries. 

 After the accident, appellant was transported to the DeWitt County
Jail, where she took an intoxilyzer test which registered at 0.128 and
0.132. At trial, appellant stipulated she was driving while legally
intoxicated at the time of the collision.

B. Justification/Necessity


 By her first point of error, appellant complains the trial court erred
in refusing to charge the jury on the defense of "necessity." 
Specifically, appellant contends it was necessary for her to drive
intoxicated to escape violence from Dunaway; thus, the jury charge
should have included an instruction on "justification."

 Upon a timely request, a defendant has the right to an instruction
on any defensive issue raised by the evidence, whether such evidence
is strong or weak, unimpeached or contradicted, regardless of what the
trial court may or may not think about the credibility of this evidence. 
Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); Miller v.
State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). A charge on a
defensive issue is required if the accused presents affirmative evidence
that would constitute a defense to the crime charged and a jury charge
is properly requested. Miller, 815 S.W.2d at 585. In fact, the trial court
must grant the defendant an instruction regardless of whether the issue
is raised by the defendant's testimony alone or otherwise. Id. If a
defendant produces evidence raising each element of a requested
defensive instruction, she is entitled to the instruction regardless of the
source and strength of the evidence. Hamel, 916 S.W.2d at 493;
Brazelton v. State, 947 S.W.2d 644, 646 (Tex. App.--Fort Worth 1997,
no pet.). When evidence from any source raises a defensive issue, and
the defendant properly requests a jury charge on that issue, the trial
court must submit the issue to the jury. Muniz v. State, 851 S.W.2d
238, 254 (Tex. Crim. App. 1993). Thus, if the issue is raised by any
party, refusal to submit the requested instruction is an abuse of
discretion. Id. When the evidence fails, however, to raise a defensive
issue, the trial court commits no error in refusing a requested
instruction. Id.

 Necessity is a statutory defense of justification. To determine
whether the issue of necessity was raised, we must view the evidence
in light of the statutory provision. The Texas Penal Code provides that
the defense of necessity is available for criminal conduct only if (1) the
defendant reasonably believes her conduct is immediately necessary to
avoid imminent harm, (2) the desirability and urgency of avoiding the
harm clearly outweighs the harm sought to be prevented by the law
proscribing the conduct, and (3) a legislative purpose to exclude the
justification claimed for the conduct does not otherwise appear. Tex. 
Pen. Code Ann. § 9.22 (Vernon 1994). 

 The first prong of the necessity defense requires affirmative
evidence of imminent harm. Johnson v. State, 650 S.W.2d 414, 416
(Tex. Crim. App. 1983). A reasonable belief is one that would be held
by an ordinary and prudent person in the same circumstances as the
actor. See Tex. Pen. Code Ann. § 1.07(42) (Vernon 1994). In most
cases, whether a defendant was prompted to act by a reasonable belief
is a question for the trier of fact. See Sanders v. State, 707 S.W.2d 78,
79-80 (Tex. Crim. App. 1986). A defendant's belief that conduct was
immediately necessary to avoid imminent harm may be deemed
unreasonable as a matter of law, however, if undisputed facts
demonstrate a complete absence of evidence of immediate necessity or
imminent harm. See Graham v. State, 566 S.W.2d 941, 952 n. 3 (Tex.
Crim. App. 1978). "Imminent" means something that is impending, not
pending; something that is on the point of happening, not about to
happen. See Smith v. State, 874 S.W.2d 269, 272-73 (Tex.
App.--Houston [14th Dist.] 1994, pet. ref'd). An "imminent harm"
occurs when there is an emergency situation, it is "immediately
necessary" to avoid that harm, and when a split-second decision is
required without time to consider the law. Id.

 At trial, appellant testified she believed Dunaway would try to
harm her after their fight, and she felt the need to protect herself and
her daughter by leaving his house and the potentially violent situation,
even though she did not want to drive after she had been drinking. 
Appellant further testified that she was so frightened after the physical
altercation with Dunaway that she feared he might follow her and try
to harm her. Appellant did not approach any law enforcement officers
because she feared they might side with Dunaway and protect him
since he also was a police officer. 

 While it may be true that appellant feared Dunaway "might" follow
her, the evidence shows that after she left Dunaway's house (1) she
stopped at a convenience store in Victoria for gas and made a telephone
call; (2) she did not see Dunaway following her at any time; (3) she
intended on traveling all the way back to San Antonio; (4) she made no
attempt to contact any police officer outside of Point Comfort; and (5)
she made no attempt to stop anywhere to spend the night, even though
she knew she was intoxicated. Given this evidence, we conclude this
situation did not involve imminent harm. Because at least forty-five
minutes had elapsed from the time appellant left Dunaway's house and
the time she stopped for gas, we conclude the situation did not involve
an emergency within which appellant was called on to avoid harm to
herself by driving while intoxicated. Rather, we conclude appellant had
plenty of time to consider her options. Because appellant had the
opportunity to assess the situation when she stopped for gas and
determine that Dunaway was not following her and that he did not
pose a threat of imminent harm, appellant could have chosen another
course rather than continuing to operate her vehicle in an intoxicated
state.

 Based on our conclusion that there was no imminent harm, we
need not address the remaining criteria for establishing the affirmative
defense of necessity. Tex. R. App. P. 47.1. Accordingly, we hold the
trial court did not abuse its discretion by refusing to submit the issue of
necessity in the jury charge. Appellant's first point of error is overruled.

C. Suppression of Evidence


 By her second point of error, appellant complains that the
prosecutor violated his duty not to suppress facts capable of
establishing the accused's innocence when the prosecutor sought to
suppress evidence that Wenske was not wearing a seatbelt at the time
of the collision. Appellant contends that evidence of Wenske's failure
to wear a seatbelt would have undermined the State's ability to prove
the causation element of its case.

 At trial, appellant had intended to argue that because Wenske was
not wearing a seatbelt at the time of the collision, she was thrown from
the vehicle and may have died as a result of her ejection and landing. 
Appellant tried to argue that if Wenske had worn her seatbelt, she
would not have been thrown from the vehicle, and she would have
survived the collision.

 In a pre-trial motion in limine, the prosecutor asked the court: "I
think it would be inappropriate to go into whether or not the victim in
this case had her seat belt on at the time of the collision, and that's the
only time that we would request that the Defense approach the Bench
and get a ruling from the Court before they go into that matter." The
defense had no objection to this, and the court granted the motion. 
During trial, appellant attempted to present evidence concerning
Wenske's failure to wear a seatbelt, and the court denied appellant the
opportunity to present this evidence to the jury. Appellant then made
a bill of exception, stating that she wanted to cross-examine two
witnesses present at the accident scene regarding Wenske's failure to
wear a seatbelt.

 Appellant now argues "when the prosecution filed and urged its
Motion in Limine requesting that the Defense not be allowed to inquire
into the decedent's failure to wear a seat belt at the time of impact, it
disregarded its duty to not suppress facts which could establish the
accused's innocence."

 Appellant's point of error appears to be three-pronged: she
complains that the prosecutor violated his duty to disclose exculpatory
evidence by seeking to suppress the evidence of Wenske's failure to
wear a seatbelt, she contends that if the evidence had been presented
to the jury, the State could not have proven the causation element of its
case, and further, that the trial court erred by suppressing the evidence.

 While appellant centers her argument on the prosecutor's violation
of the duty not to suppress facts capable of establishing the accused's
innocence, she appears to misinterpret the statute. Texas Code of
Criminal Procedure article 2.01 provides:

 Each district attorney shall represent the State in all
criminal cases in the district courts of his district and in
appeals therefrom, except in cases where he has been,
before his election, employed adversely. When any criminal
proceeding is had before an examining court in his district or
before a judge upon habeas corpus, and he is notified of the
same, and is at the time within his district, he shall represent
the State therein, unless prevented by other official duties. 
It shall be the primary duty of all prosecuting attorneys,
including any special prosecutors, not to convict, but to see
that justice is done. They shall not suppress facts or secrete
witnesses capable of establishing the innocence of the
accused.


Tex. Code Crim. Proc. Ann. art. 2.01 (Vernon 1977) (emphasis added). 
The statute states that the prosecutor "shall not suppress facts or
secrete witnesses," which is meant to insure that the prosecutor does
not fail to disclose exculpatory evidence to the defendant. See Thomas
v. State, 841 S.W.2d 399 (Tex. Crim. App. 1992). The statute seeks to
prevent a situation in which the prosecution withholds evidence of
which the defense is unaware. This is not the case here. The
prosecutor did not fail to disclose that Wenske was not wearing a
seatbelt; the defense knew this and sought to introduce it. The
prosecutor simply asked the trial court to not allow the evidence to be
presented to the jury. While there exists a constitutional duty of the
prosecution to disclose evidence favorable to the accused where the
evidence is material to guilt or punishment, in absence of a request, if
such facts were known to the appellant or her trial counsel, she cannot,
on appeal, seek relief on the basis of the State's failure to disclose the
same facts. Mosley v. State, 960 S.W.2d 200, 206 (Tex. App.--Corpus
Christi 1997, no pet.). Thus, rather than an objection to the
prosecutor's effort to exclude the use of the seatbelt evidence,
appellant's point or error is really a contention that the trial court erred
in its failure to admit the seatbelt evidence.

 A trial court is given wide discretion in determining the
admissibility of evidence. Williams v. State, 535 S.W.2d 637 (Tex.
Crim. App. 1976). We review the trial court's exclusion of evidence
under an abuse of discretion standard of review. Johnson v. State, 698
S.W.2d 154, 160 (Tex. Crim. App. 1985). A trial court has not abused
its discretion unless it has acted arbitrarily and unreasonably, without
reference to any guiding rules or principles. Harwood v. State, 961
S.W.2d 531, 536 (Tex. App.--San Antonio 1997, no pet.). Exclusion of
evidence does not result in reversible error unless the exclusion affects
a substantial right of the accused. See Tex. R. App. P. 44.2(a), (b).

 Appellant's intention to show that if Wenske had worn a seatbelt,
she would have survived the collision, is undermined by the fact that
Wenske was not required to wear a seatbelt. Because a passenger in
the backseat of a vehicle is not required by law to wear a seatbelt,(2) we
conclude the trial court did not abuse its discretion in not allowing the
evidence to be presented to the jury.

 Appellant cites Thomas v. State, 841 S.W.2d 399 (Tex. Crim. App.
1992), in support of her argument that the evidence of Wenske's failure
to wear a seatbelt created a reasonable probability sufficient to
undermine confidence in the verdict when one considers its direct
relation to the State's causation element. Section 6.04(a) of the Texas
Penal Code provides: "A person is criminally responsible if the result
would not have occurred but for his conduct, operating either alone or
concurrently with another cause, unless the concurrent cause was
clearly sufficient to produce the result and the conduct of the actor
clearly insufficient." Tex. Pen. Code Ann. § 6.04 (Vernon 1994). In order
to undermine the causation element, it would have to be the case that
Wenske's failure to wear a seatbelt was sufficient to cause her death. 
However, Wenske's failure to wear a seatbelt, alone, was not sufficient
to cause her death; this death would not have occurred but for
appellant's conduct. Thus, we conclude the failure to admit the
seatbelt evidence does not undermine the jury's confidence in the
verdict. Appellant's second point of error is overruled.

 The trial court's judgment is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 10th day of August, 2000.

1. Tex. Penal Code Ann. § 49.08 (Vernon 1994).
2. See Tex. Transp. Code Ann. § 545.413 (Vernon 1999).