In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00168-CR
______________________________


MIGUEL ANTONIO VARGAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court No. F02-72126-UH


                                                 


Before Morriss, C.J., Carter and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius

________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION
            Miguel Antonio Vargas was convicted of aggravated sexual assault of a child under the age
of fourteen. A jury convicted Vargas and set his punishment at twenty years' confinement.
            Vargas raises two issues on appeal. First, he contends the evidence is factually insufficient
to support the conviction. Second, he contends the improper admission of an outcry statement by
the victim was reversible error. We overrule both of these contentions and affirm the judgment.
            The complainant, E.S., was four years of age when the offense occurred. The State produced
evidence that Vargas, who was twenty-one years of age at the time of the offense, caused E.S.'s penis
to come into contact with Vargas' mouth. The offense occurred when E.S. was in the home of Maria
Vargas, his babysitter, while Miguel Vargas and several other relatives of the babysitter were also
in the house. E.S.'s mother came to pick him up at the house, and when E.S. got in the car with his
mother, he told her what had happened during the offense. The police were notified. They contacted
Vargas, who voluntarily made a written statement admitting to the offense.
            Vargas contends the evidence is factually insufficient to support the conviction. He bases
this contention primarily on the facts that E.S. was unable to identify him in court as the perpetrator,
and E.S.'s other identification testimony was by descriptions that were not specific and could have
fit the general descriptions of one or more of the other males who were in the house when the offense
occurred.
 
            We review a factual insufficiency challenge according to the standards set out in Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We review all of the evidence in a neutral light
and determine whether a rational trier of fact would be justified in finding guilt beyond a reasonable
doubt. The evidence may be insufficient if, when considered by itself, it may be too weak to support
the finding of guilt beyond a reasonable doubt, or after weighing both the contrary and the supporting
evidence, the contrary evidence is so strong that the beyond-a-reasonable-doubt standard could not
have been met. Id. at 484–85. The jury may resolve conflicts in the evidence and in doing so may
accept or reject all or any part of a witness' testimony. Anderson v. State, 895 S.W.2d 756, 757 (Tex.
App.—Texarkana 1994, no pet.).
            We find the evidence factually sufficient to support the verdict. First, E.S. testified
personally and directly to the elements of the offense. Although E.S. could only identify the
perpetrator by general descriptions, other evidence showed that Vargas fit those descriptions and that
he was present when the offense occurred. Other witnesses identified Vargas by terms and
descriptions similar to those E.S. used, and there were other circumstances indicating that Vargas
was the perpetrator. Additionally, Vargas made a written confession confirming that the offense
occurred between him and E.S. Although Vargas tried in his statement to place the blame on E.S.
for initiating the sexual contact between them, he made no attempt to deny that the offense occurred
and that only he and E.S. were involved in the offense. There is other circumstantial evidence
indicating that Vargas was the perpetrator. Suffice it to say, there is clear proof of Vargas' guilt.
            Vargas also contends that the trial court reversibly erred when it allowed E.S.'s mother to
testify that, shortly after the offense was committed, E.S. told her what happened during the offense. 
The State did not qualify E.S.'s statement to his mother as an outcry statement admissible pursuant
to Article 38.072 of the Texas Code of Criminal Procedure, nor did it justify the admission of the
statement as an exception to the hearsay rule. Tex. R. Evid. 801(d), 802, 803; Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon 2005). The statement was therefore hearsay and inadmissible. 
However, the error was waived when the same evidence was introduced at other points in the trial
and Vargas made no objection.
            To preserve error in admitting improper evidence, a party must make a timely, proper
objection and secure a ruling on the objection. The party must object each time the inadmissible
evidence is offered unless a running objection has been obtained. Any error in the admission of
inadmissible evidence is cured when the same evidence comes in elsewhere without objection. Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); Dunn v. State, 125 S.W.3d 610, 614–15
(Tex. App.—Texarkana 2003, no pet.); Broderick v. State, 35 S.W.3d 67, 74 (Tex. App.—Texarkana
2000, pet. ref'd); Thomas v. State, 1 S.W.3d 138, 142 (Tex. App.—Texarkana 1999, pet. ref'd).
            Vargas objected to E.S.'s statement to his mother about the offense, but subsequent to that
evidence, the same evidence was admitted without objection during the testimony of Ms. Felicia
Crumedy, a child therapist. Thus, any error in admitting the statement was cured. Thomas v. State,
1 S.W.3d at 142. Moreover, any error in admitting the evidence was clearly harmless. Not only did
the therapist testify to the same facts as revealed to her by E.S., but E.S. testified without objection
to all the circumstances of the offense, and Vargas signed a written statement admitting the offense.
            For the reasons stated, we affirm the judgment.



                                                                        William J. Cornelius
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment
 
Date Submitted:          March 15, 2006
Date Decided:             May 26, 2006

Do Not Publish