NUMBERS 13-05-703-CR AND 13-05-704-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ESEQUIEL
OCHOA,                                                  Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 263rd District Court

                            of Harris County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                 Before Justices Hinojosa, Rodriguez,
and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant,
Esequiel Ochoa, was charged with two counts of indecency with a child.  See Tex.
Pen. Code Ann. '
20.04 (Vernon 2003).  A jury found
appellant guilty on both counts.  The
trial court assessed punishment at forty years' confinement on each count, with
the sentences to run concurrently. 
Through his sole point of error, appellant complains of the admission of
testimony from the outcry witness.  We
affirm.

I.  Outcry Testimony

By his sole point
of error, appellant contends that (1) the trial court abused its discretion in
admitting hearsay testimony from an outcry witness because it did not meet the
statutory requirements for outcry statements, and (2) such error was harmful.

                                      A.  Applicable Law and Standard of Review

Article 38.072 of
the Texas Code of Criminal Procedure identifies requirements that must be
satisfied in order for testimony, that would otherwise be inadmissable as
hearsay, to be admissible as outcry testimony in child abuse cases.  Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005).  The statute provides as follows, in relevant
part:

Sec. 1.  This
article applies to a proceeding in the prosecution of an offense under any of
the following provisions of the Penal Code, if committed against a child 12
years of age or younger: 

 

(1) Chapter 21
(Sexual Offenses) or 22 (Assaultive Offenses);

 

(2) Section 25.02 (Prohibited Sexual Conduct); or

 

(3) Section 43.25
(Sexual Performance by a Child).

 

Sec. 2.  (a)
This article applies only to statements that describe the alleged offense that:

 

(1) were made by the child against whom the offense
was allegedly committed; and

 








(2) were made to the first person, 18 years of age or
older, other than the defendant, to whom the child made a statement about the
offense.

 

Tex.
Code Crim. Proc. Ann.
art. 38.072 '' 1-2(a)(2) (Vernon 2005).  

Once a hearsay
objection has been raised to such testimony, the burden shifts to the State as
the proponent of the hearsay evidence to establish compliance with article
38.072.  Long v. State, 800 S.W.2d
545, 547 (Tex. Crim. App. 1990); Mosley v. State, 960 S.W.2d 200, 203
(Tex. App.CCorpus Christi 1997, no pet.).  The outcry testimony is properly admitted if
it describes the alleged offense in some discernable manner and is more than a
general allegation of sexual abuse.  See
Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (en banc); see
also Reed v. State, 974 S.W.2d 838, 841 (Tex. App.CSan
Antonio 1998, pet. ref'd) (citing Schuster v. State, 852 S.W.2d 766, 767
(Tex. App.CFort Worth 1993, pet. ref'd)).








The trial court
has broad discretion in determining the admissibility of evidence, and a trial
court's findings with respect to the admissibility of outcry testimony will not
be disturbed, absent an abuse of discretion established by the record.  Garcia, 792 S.W.2d at 92.  If an appellate court determines that the
trial court abused its discretion in admitting such testimony, the appellate
court conducts a rule 44.2(b) harm analysis. 
See West v. State, 121 S.W.3d 95, 104 (Tex. App.BFort
Worth 2003, pet. ref'd) (citing Tex. R.
App. P. 44.2; Josey v. State, 97 S.W.3d 687, 698 (Tex. App.BTexarkana
2003, no pet.); Broderick v. State, 35 S.W.3d 67, 73-74 (Tex. App.BTexarkana
2000, pet. ref'd)).  We must deem the
error harmless if, after reviewing the record, we are reasonably assured the
error did not influence the jury's verdict or had but a slight effect.  Id. (citing Josey, 97 S.W.3d at
698).  If the same or similar evidence is
admitted without objection at another point during the trial, the improper
admission of the evidence will not constitute reversible error.  Id. at 104-05.

B.  Analysis

By his sole point
of error, appellant asserts that the outcry testimony failed to meet the
requirement that the outcry statement pertain to an offense that was committed
against a child twelve years of age or younger.[2]  See Tex.
Code Crim. Proc. Ann. art.
38.072(1) (Vernon 2005).  More specifically,
appellant contends that (1) the State failed to establish that the victim was
twelve years of age or younger the first time appellant inappropriately touched
her breasts, while (2) the evidence did establish that the victim was fourteen
years old the second time appellant inappropriately touched her breasts, an
event which falls outside the outcry statute.[3]  See id. 








At
trial, K.O., the victim, testified that appellant had touched her breasts on
two separate occasions.  She testified
that she was twelve years old when the first incident occurred, and that she
was fourteen years old when the second incident occurred.  Her testimony relating to the two instances
includes the following, in pertinent part:

Prosecution:  Okay. 
Now, when you were 12 the defendant touched you again, you said?

 

K.O.:   Yes.

 

* * *

 

Prosecution:  Okay. 
What happened next?

 

K.O.: 
'Em, he just started asking me how is school and how are your grades doing.  And, 'em, I replied good and doing good.  And then made B he used to do this thing, like just rub my head a little bit and
make me feel, like, comfortable.  And he
started doing it and I felt comfortable and I just started watching TV.  And then his hands moved from my head to my
shoulder, and then he started touching my breasts.  And that's when I felt really, really
uncomfortable.

 

* * *

 

Prosecution:  Did he touch you again later on?

 

K.O.: 
When I was 14.

 

* * *

 

Prosecution:  You say he touched you.  How did he touch you?

 

K.O.: 
He came behind me, like, to give me a hug and he touched my
breasts.  And that made me feel
uncomfortable so I pulled away from him and I left.

 








In
addition, Maria Campos (Campos), the State's designated outcry witness,
testified regarding outcry statements made by K.O. to her.  Campos testified that K.O. came to Campos's
residence one morning crying and "saying that she had a whole lot of
problems."  Campos's testimony
relating to the outcry included the following, in relevant part:

Campos: She [K.O.] said her dad used to
hit her and touched her.  And I asked
her, and she would just cry.  

 

Prosecution: When she [K.O.] mentioned
touching, did she indicate to you in any way that it was sexual type of
touching? 

 

Campos: Well, she just touched her
chest, that's it.  But I said if you
don't want to tell me, that's okay, don't worry.

            

Prosecution: She was touching her
breasts when she mentioned the touching?

 

Campos: Uh-huh

 

* * *

 

Defense (during cross-examination): And
he [appellant] had touched her; correct? 
And she -- touched her breasts?

 

Campos: Uh-huh.

 

Defense: But she didn't go into any more
details?

 

Campos:
She didn't want to, she was crying.








Although
Campos, herself, did not specify whether she was referring to the first or
second time that appellant touched the victim's breasts in her testimony
pertaining to the outcry statement, article 38.072 does not require that the
outcry witness, herself, establish the age of the victim at the time of the
complained of offense.  See Tex. Code Crim. Proc. Ann. art 38.072 (Vernon 2005).  Rather, the burden is on the State to
demonstrate that the outcry testimony meets the requirements of article 38.072,
and more specifically, that the victim was twelve years of age or younger at
the time of the offense described in the outcry statement.[4]  See Long, 800 S.W.2d at 547; Mosley,
960 S.W.2d at 203.  To the extent that
Campos, in her testimony, was referring to the first time that appellant
touched the victim's breasts, we conclude that the State established that the
victim was twelve years of age or younger at the time of that offense,
satisfying the age requirement set out in article 38.072.  See Tex.
Code Crim. Proc. Ann. art. 38.072(1) (Vernon 2005).  Thus, the trial court did not abuse its
discretion in this regard.








To
the extent that Campos, in her testimony, was referring to the second time that
appellant touched the victim's breasts, we conclude that the testimony failed
to satisfy the age requirement of article 38.072 because (1) the statute
permits outcry testimony only when the outcry statement relates to an offense
that occurred when the victim was age twelve or younger, see id., and
(2) the record established that the victim was age fourteen at the time of that
offense.  Therefore, to the extent that
Campos's testimony referred to the second time appellant touched the victim's
breasts, we conclude that the trial court abused its discretion in permitting
the outcry testimony.  Nevertheless,
because K.O. provided detailed testimony regarding the second time appellant
touched her breasts, we conclude that such error was harmless.  See West, 121 S.W.3d at 105 (holding
that error in admitting outcry testimony did not influence the jury's verdict
or had but a slight effect because the victim provided detailed testimony
relating to the complained of offense at trial) (citing Tex. R. App. P. 44.2(b); Anderson v. State, 717 S.W.2d
622, 627 (Tex. Crim. App. 1986) (holding that "if the fact to which the
hearsay relates is sufficiently proved by other competent and unobjected to
evidence, the admission of the hearsay is properly deemed harmless and does not
constitute reversible error.")).

Therefore,
we overrule appellant's sole point of error.

II.
Conclusion

Accordingly,
we affirm the judgments of the trial court. 
 

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 13th day of July, 2006.

 

 

 

 











[1]Cause number 13-05-703-CR is an
appeal from trial cause number 983043. 
Cause number 13-05-704-CR is an appeal from trial cause number
1026778.  Because the parties and the
legal issues raised in the appeals are the same, we address them in a single
opinion.





[2]The State contends that appellant
failed to preserve this issue for appellate review because he did not make a
sufficiently specific objection at trial. 
See Tex. R. App. P.
33.1.  In order to preserve a complaint
for appellate review, rule 33.1 requires that the complaint be made to the
trial court by a timely request, objection, or motion that states the grounds
for the ruling sought from the trial court with sufficient specificity to make
the trial court aware of the complaint, unless the specific grounds were
apparent from the context.  See id.
at rule 33.1(a)(1)(A).  Although
appellant made only a general hearsay objection to the testimony of the outcry
witness, we conclude the specific grounds of the objection were apparent from
the context.  See id.; see also
Lankston v. State, 827 S.W.2d 907, 910-11 (Tex. Crim. App. 1992);
Long v. State, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990); Mosley v.
State, 960 S.W.2d 200, 203 (Tex. App.CCorpus Christi 1997, no pet.).  Therefore, we conclude appellant's hearsay
objection was sufficient to preserve this issue for appellate review.  





[3]To the extent that appellant also
asserts that the trial court abused its discretion by permitting the outcry
witness to testify regarding the victim's statements "even though many of
those assertions were not specifically pertaining to sexual abuse," the
briefing is inadequate.  See Tex. R. App. P. 38.1(h) (providing that
appellant=s brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record). 
Therefore, such a contention is not before us.





[4]Appellant suggests that the phrase
"12 years of age or younger" found in article 38.072, see Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2005), refers
only to a child who has not yet reached the age of twelve.  However, we conclude that appellant's
assertion is without merit.  The Texas
Court of Criminal Appeals has held that a statute using the phrase "14
years of age or younger" referred to a child who had not yet reached the
age of fifteen.  See Phillips v. State,
588 S.W.2d 378, 380 (Tex. Crim. App. 1979) (en banc).  Therefore, we read the phrase "12 years
of age or younger" found in article 38.072 to refer to a child who has not
yet reached the age of thirteen.  See
id.; see also Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon 2005).