NO. 07-04-0103-CR


NO. 07-04-0117-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 22, 2005



______________________________




RICHARD ALLEN CLICK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF ARMSTRONG COUNTY;



NOS. 1016 & 1017; HONORABLE HAL MINER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following pleas of not guilty, appellant Richard Allen Click was convicted by a jury
of sexual assault of a child in cause numbers 1016 and 1017. Punishment was assessed
at cumulative sentences of 20 years confinement. Presenting two points of error, appellant
questions whether (1) service of the indictment by a uniformed sheriff's deputy in the
presence of the venire panel subverted his presumption of innocence, and (2) pursuant to
article 38.072 of the Texas Code of Criminal Procedure, outcry statements of the alleged
victims were proper. We affirm.

 Only a brief recitation of the facts is necessary as there is no challenge to the
sufficiency of the evidence to support appellant's conviction. Appellant is the biological
father of victims A.C. and B.C. When B.C. was 14 years old, she confided incidents of
sexual molestation committed by appellant against her to Jacqueline Huntington, a friend. 
At age 16, A.C. also told Jacqueline of acts of sexual abuse performed on her by appellant,
including sexual intercourse. 

 By his first point, appellant maintains he was deprived of the right to a fair trial
because the presumption of innocence was subverted when he was served with the
indictment by an armed and uniformed deputy sheriff in the presence of the venire panel. 
We disagree. 

 By supplemental brief the State withdraws its assertion raised in its original brief that
the record does not support service of the indictments in the presence of the venire panel
and concedes appellant was served by a uniformed deputy sheriff in the presence of the
venire panel. However, the State holds firm to its original contention that appellant's
complaint is not preserved for review.

 Appellant acknowledges he found no cases in support of his argument. However,
relying on Randle v. State, 826 S.W.2d 943, 946 (Tex.Cr.App. 1992), and Scott v. State, 80
S.W.3d 306, 308-09 (Tex.App.-Fort Worth 2002, no pet.), he analogizes his complaint to
cases where the presumption of innocence was impaired when a defendant appeared for
trial in jail apparel. He argues that any indicia of guilt subverts the presumption of
innocence. He further argues that impingement on his presumption of innocence is error
of constitutional magnitude that requires review for harm under Rule 44.2(a) of the Texas
Rules of Appellate Procedure. 

 As a prerequisite for appellate review, a defendant must make a timely request,
objection, or motion stating the grounds with sufficient specificity to apprise the trial court of
the complaint and obtain an adverse ruling. See Tex. R. App. P. 33.1(a). See also Martinez
v. State, 91 S.W.3d 331, 337 (Tex.Cr.App. 2002) (discussing application of the "raise-it-or-waive-it" forfeiture rule). Additionally, the objection at trial must comport with the complaint
on appeal. Trevino v. State, 991 S.W.2d 849 S.W.2d 854-55 (Tex.Cr.App. 1999); Goff v.
State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), cert. denied, 520 U.S. 1171, 117 S.Ct.
1438, 137 L.Ed.2d 545 (1997). 

 The defendants in the cases relied on by appellant preserved their complaints for
review. In Randle, counsel objected to his client being placed before the jury in jail clothes,
and in Scott, a motion for continuance was presented requesting additional time to secure
appropriate clothing. Both courts found the presumption of innocence had been subverted
by requiring the defendants to proceed to trial in jail-issued garb.

 In the instant case, the record reflects that after dispensing with pretrial motions and
shortly before beginning voir dire, defense counsel announced to the trial court:

 [t]he sheriff just served my client with a copy of the indictment, and there is a
statutory period of presentation required, prior service of an indictment before
you go to trial. And what I'm showing you, Judge, what I have just been
served is a precept to serve copy of indictment . . . .


A brief discussion ensued on whether service of the indictment had been waived because
it had not been raised during pretrial hearings. Counsel objected to any prior hearings on
the ground he was not representing appellant at that time. No objection, however, was
raised on impingement of appellant's presumption of innocence. We conclude appellant's
complaint was not preserved for appellate review. (1) Point of error one is overruled. 

 By his second point of error, appellant contends the use of hearsay statements of the
child victims by outcry witness Jacqueline Huntington was improper under article 38.072 of
the Texas Code of Criminal Procedure Annotated (Vernon 2005). Section 1 of article 38.072
provides for application of the article to a proceeding in the prosecution of an offense under
certain provisions of the Penal Code if committed against a child 12 years of age or younger. 
Specifically, appellant asserts the victims were above age 12 at the time of the charged
offenses making article 38.072 inapplicable. We agree the statute was not implicated, but
for the following reasons, overrule appellant's contention. 

 A.C. testified that when she was 11 or 12 years old, appellant began molesting her
by rubbing her private parts and digital penetration. At age 13, the abuse escalated to
biweekly sexual intercourse until she was 16. Appellant was indicted in cause number 1016
for intentionally and knowingly causing penetration by his sexual organ of A.C.'s sexual
organ. He was not, however, indicted for acts of indecency with her or penetration by his
finger when she was 12 years of age or younger.

 B.C.'s testimony reflects that when she was ten or 11 years old, appellant began
touching her inappropriately and would frequently ask if he could see whether her breasts
were developing and whether he could feel her vaginal area for pubic hair growth. She
began to fear appellant and refused his advances. When she was 14 and refused to
cooperate, appellant threw her down on her bed with enough force to break it, secured her
hands over her head with one of his hands, and with his free hand pulled her shorts and
underwear down and inserted his finger into her vagina. He was indicted in cause number
1017 for intentionally or knowingly causing penetration of B.C.'s sexual organ by means of
his finger, but was not indicted for indecency with her for incidents that occurred when she
was 12 years old or younger.

 Both victims confided the acts of sexual abuse to Jacqueline Huntington and she was
designated as an outcry witness under article 38.072. An outcry witness is the first adult to
whom the child victim makes a statement about the offense. See Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a)(2). An outcry statement is an exception to the hearsay rule of
exclusion. Dorado v. State, 843 S.W.2d 37, 38 (Tex.Cr.App. 1992) (en banc). 

 Article 38.072 applies to prosecutions of certain offenses committed against a child
12 years old or younger. The victim's age when the offense is committed triggers whether
the statute will apply, not the victim's age at the time the outcry statement is made. See
Harvey v. State, 123 S.W.3d 623, 627-29 (Tex.App.-Texarkana 2003, pet. ref'd). The
evidence is uncontradicted that the charged offenses in the underlying cases occurred when
both victims were older than 12. Thus, we conclude article 38.072 does not apply and
Jacqueline's testimony was not admissible as outcry evidence. (2) 

 The State contends appellant waived his complaint. When Jacqueline was testifying
defense counsel lodged the following objection, "Your, Honor, I'm going to object at this
point unless this witness has been identified as the outcry witness. This is a hearsay
statement." Appellant's complaint on appeal is improper application of article 38.072 due
to the victims' ages. We agree the complaints are not similar, but a general hearsay
objection is sufficient to preserve a complaint that proffered outcry statements are
inadmissible hearsay. See Lankston v. State, 827 S.W.2d 907, 910-11 (Tex.Cr.App. 1992);
Mosley v. State, 960 S.W.2d 200, 203 (Tex.App.-Corpus Christi 1997, no pet.). 

 The State suggests by footnote that the victims' hearsay statements may have been
admissible under Rule 803(24) of the Texas Rules of Evidence as statements against
[social] interest. We acknowledge that a trial court's ruling on admissibility of evidence will
be sustained if it is correct on any theory of law even if the wrong reason is given; Harvey,
123 S.W.3d at 630; however; a less burdensome analysis is to resolve appellant's complaint
by conducting a harm analysis on improper admission of the statements. 

 Improper admission of hearsay evidence is non-constitutional error reviewed for harm
under Rule 44.2(b) of the Texas Rules of Appellate Procedure. Johnson v. State, 967
S.W.2d 410, 417 (Tex.Cr.App. 1998). See also Dunn v. State, 125 S.W.3d 610, 614-15
(Tex.App.-Texarkana 2003, no pet.). We disregard the error as harmless if it does not affect
appellant's substantial rights.  See Tex. R. Evid. 103(a). Error in admission of improper
outcry statements is harmless when other properly admitted evidence establishes the same
facts. Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App. 1999), cert. denied, 528 U.S. 956,
120 S.Ct. 384, 145 L.Ed.2d 300 (1999); Thomas v. State, 1 S.W.3d 138, 142
(Tex.App.-Texarkana 1999, pet. ref'd). 

 Jacqueline's testimony concerning the victims' statements was vague regarding the
specific acts of sexual abuse. It established how the abuse surfaced when A.C. realized
appellant might be committing acts against her younger sister, B.C. A.C. recounted the
abuse she suffered to B.C., which caused her to become extremely upset. B.C. went to the
diner where Jacqueline worked and confided that appellant had touched her private parts
inappropriately. Jacqueline telephoned A.C. to come to the diner and discuss the matter. 
After more details were disclosed, Jacqueline called the victims' mother and the sheriff. 

 More explicit facts were testified to by A.C. and B.C. than those offered by
Jacqueline. A.C. testified that appellant began molesting her by rubbing her arms, stomach,
and private parts both over and under her clothes. He also penetrated her with his finger. 
When she was 13 he began rubbing her and then said he wanted to try something else that
would not hurt her. He pulled her pants and underwear down and laid on top of her and had
sexual intercourse with her. She testified she was scared and that appellant required her
to have sex with him as a condition of being allowed to see her boyfriend.

 B.C. testified she began to fear appellant when she was in the fourth grade. He
would repeatedly ask to see her breasts and check for pubic hair growth. He heeded her
refusals until she was 14 when he threw her down on her bed and forcibly penetrated her
with his finger. Given the testimony of A.C. and B.C., Jacqueline's testimony is rendered
harmless. Point of error two is overruled. 

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice


Do not publish.







 
1. Service of an indictment is not evidence of guilt. See Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2004-05). See also Harris v. State, 475 S.W.2d 922, 924
(Tex.Cr.App. 1972).
2. Our conclusion pretermits a discussion of appellant's complaint that he was denied
a reliability hearing under section 2(b)(2) of the statute. Moreover, appellant did not object
to the trial court's failure to conduct a reliability hearing, which is a prerequisite for appellate
review. Diaz v. State, 125 S.W.3d 739, 743 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd).



 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00132-CR; 07-10-00133-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
25, 2010

 



 

CEDRICK WOODS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 272ND DISTRICT COURT OF BRAZOS
COUNTY;

 

NO. 09-00301-CRF-272, 09-00302-CRF-272;

 

HONORABLE TRAVIS B. BRYAN III, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Cedrick
Woods, entered an open plea of guilty[1]
to two counts of burglary of a habitation[2]
and one count of evading arrest.[3]  The punishment range for the burglary of a habitation offenses was enhanced by the allegation of
conviction of a prior felony offense.[4]  Appellant entered a plea of true to the
enhancement allegation contained in the burglary indictment.  The issue of punishment was decided by the
trial court and, after hearing the testimony, the trial court assessed
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ) for a period of 30 years for one count of
burglary and 10 years for evading arrest.[5]  Appellant appeals through three issues
contending, in issues one and two, that the trial courts failure to properly
admonish appellant should require this Court to reverse the convictions, and,
in issue three, that the evidence was legally insufficient to support the trial
courts order for restitution.  We will
reverse the trial courts judgments and remand the cases for a new trial.

Factual and
Procedural Background

On January 22, 2009, appellant was
indicted in trial court cause number 09-00301-CRF on two counts of burglary of
a habitation.  The indictment contained
an enhancement paragraph alleging appellant had previously been convicted of a
felony offense.  On that same day, appellant
was also indicted in trial court cause number 09-00302-CRF for the offense of
evading arrest using a motor vehicle. 
The indictment further alleged that appellant had previously been
convicted of the offense of evading arrest. 


On September 18, 2009, appellant
executed a written waiver of the right to trial by jury.  On January 27, 2010, appellant appeared
before the trial judge and entered pleas of guilty to both counts of burglary
of a habitation and to one count of evading arrest using a motor vehicle, and
entered pleas of true to the enhancement paragraph in each indictment.[6]  After hearing all of the evidence, including
the testimony of appellant, the trial court assessed punishment at confinement
in ID-TDCJ for 30 years on one of the counts of burglary and 10 years for
evading arrest.  

Appellant appeals contending that the
failure of the trial court to admonish regarding the consequences of his pleas
of guilty should result in reversal of the judgments for two reasons.  First, appellant contends that the failure to
admonish pursuant to article 26.13 of the Code of Criminal Procedure has
resulted in harm and, therefore, requires reversal.  See Tex.
Code Crim. Proc. Ann.
art. 26.13 (Vernon Supp. 2010).[7]  Second, appellant contends that the trial courts
failure to admonish him regarding the consequences of his
pleas of guilty violated his due process rights under the United States
Constitution and, accordingly, require reversal of the judgments of
guilt entered against him.  By a third
issue, appellant contends that there was insufficient evidence to assess
restitution against him.  We will reverse
the judgment of conviction and remand the causes to the trial court for a new
trial.

 

 

Failure to
Admonish

Each of appellants first two
contentions deal with the failure of the trial court to properly admonish him
regarding his various constitutional and statutory rights prior to the trial
court receiving his pleas of guilty.  

Article 26.13 admonishments

            Appellant
contends that, because the trial court did not admonish him pursuant to article
26.13 prior to the entry of his pleas of guilty, the trial court erred.  Further, appellant contends that such error
harmed him.  Accordingly, appellant
contends that as a result of the harm, this Court should reverse and remand the
causes back to the trial court for another trial.

Standard of Review

            Admonishments
pursuant to article 26.13 are designed to provide assurance that when a
defendant waives certain of his constitutional rights,
he does so voluntarily and with knowledge of the consequences of the act.  See VanNortrick
v. State, 227 S.W.3d 706, 708 (Tex.Crim.App.
2007).  However, the admonitions
contained in article 26.13 are not constitutionally required.  See id.  Therefore, any error found in the trial
courts failure to properly give the admonitions required by the statute is
reviewed as a non-constitutional error.  See
id.  When we review the record for
compliance with the statutory requirement, we look for substantial
compliance.  Id.  However, when the trial court wholly fails to
admonish the appellant, there is not substantial compliance, and to assert such
is nothing more than a legal fiction.  See
Cain v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). 
Here, the trial court in no way complied with the requirements of
article 26.13.  See art. 26.13(a).  We,
therefore, review the record before us for harm pursuant to Texas Rule of
Appellate Procedure 44.2(b).  See Tex. R. App. P. 44.2(b).[8]  Rule 44.2(b) directs us to disregard any
error reflected in the appellate record, other than constitutional error, that
does not affect the substantial rights of the appellant.  See id.; Bessey
v. State, 239 S.W.3d 809, 813 (Tex.Crim.App.
2007).  In applying rule 44.2(b) in a
failure to admonish case, the question becomes, after considering the record as
a whole, do we have fair assurance that the appellants decision to plead
guilty would not have changed had the trial court admonished him.  See Anderson v. State, 182 S.W.3d 914, 919 (Tex.Crim.App.
2006). 

Analysis

            The
record reflects, and both parties agree, that the only article 26.13(a)
admonition that is at issue is the range of punishment.  Appellant was indicted for two counts of burglary
of a habitation in trial court cause number 09-00301-CRF.  See Tex.
Penal Code Ann. 30.02(a)(1).[9]  As indicted, the primary charge is a
second-degree felony.  § 30.02(c)(2).  A second-degree
felony is punishable by confinement for a period of not more than 20 years and
not less than two years in the ID-TDCJ.  See
§ 12.33 (Vernon Supp. 2010).  However,
the indictment for the burglary charges also carried an enhancement paragraph
that alleged appellant had previously been convicted of the felony offense of
burglary of a habitation.  This results
in appellants punishment range being elevated to a first-degree offense.  See § 12.42(b).  A first-degree felony has a possible
punishment range of confinement in the ID-TDCJ for life or for any term of not
more than 99 years or less than five years. 
See § 12.32.  

            The
record also reflects that in trial court cause number 09-00302-CRF, appellant
was indicted for the offense of evading arrest using a motor vehicle.  See § 38.04(b)(1).  Evading arrest using a motor vehicle is a
state-jail felony and is punishable by confinement in a state-jail facility for
any period of not more than two years or less than 180 days.  § 12.35(a). 
The indictment contained what is labeled Enhancement paragraph that
alleges appellant had previously been convicted of evading arrest.  If such allegation is proven, the punishment
range for appellant is elevated to third-degree felony status.  See § 38.04(b)(2)(A).[10]  As a third-degree felony, the punishment
range applicable to appellant is confinement in the ID-TDCJ for any term of not
more than 10 years or less than two years. 
See § 12.34.  

            In
trial court cause number 09-00301-CRF appellant was sentenced to 30 years
confinement in the ID-TDCJ.  This was
within the punishment range for a first-degree felony.  In trial court cause number 09-00302-CRF
appellant was sentenced to 10 years confinement in the ID-TDCJ.  This sentence was within the range of punishment
for a third-degree felony.  

            As
we review the entire record, it is very apparent that the State had a
significant amount of evidence of appellants guilt for the offenses
charged.  This is a factor we may
consider in determining whether any of appellants substantial rights may have
been affected by the failure to admonish. 
See Bessey, 239
S.W.3d at 813.  Additionally,
however, we must bear in mind that neither party has the burden to demonstrate
harm when we are conducting a rule 44.2(b) analysis in a failure to admonish
situation.  See Burnett v.
State, 88 S.W.3d 633, 638 (Tex.Crim.App.
2002).  In Burnett, the Texas
Court of Criminal Appeals pointed out that to warrant a reversal in a failure
to admonish case, the record must support an inference that appellant did not
know the consequences of his plea.  See
id.  The court then went on to say
that a silent record would support such an inference.  Id. 
That is exactly what we find in the record before us: silence as to the
applicable range of punishment. 
Therefore, as a reviewing court, we cannot be assured that appellants
decision to plead guilty would not have changed had the trial court admonished
him properly.  See
VanNortrick, 227 S.W.3d at 709 (citing Anderson,
182 S.W.3d at 919).  Accordingly,
we sustain appellants issue regarding the failure to admonish pursuant to article
26.13 and find that such failure did affect the substantial rights of
appellant.

Due Process Violation

            Having
determined that the failure to admonish appellant regarding the range of
punishment did affect appellants substantial rights, we need not consider
appellants remaining issue regarding the contention that such failure to
admonish was also a violation of his due process rights.  See Ward v. State, 188 S.W.3d
874, 875 n.1 (Tex.AppAmarillo 2006, pet. refd); see also Jimenez v. State, 32 S.W.3d
233, 239 n. 23 (Tex.Crim.App. 2000) (recognizing that
constitutional issues should not be addressed if the case can be resolved on nonconstitutional grounds).

Sufficiency of the Evidence Regarding
Restitution

            Appellants
last issue deals with the sufficiency of the evidence to order
restitution.  Because we have held that
the judgments should be reversed, we do not reach the issue of evidentiary
support for the restitution ordered by the trial courts judgments.  See Rule 47.1.

Conclusion

            Having
sustained appellants issue regarding failure to admonish on the range of
punishment, we reverse the judgments of the trial court and remand both cases
for new trial.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.  

 











[1]
An open plea is one entered without any
agreement with the State as to punishment.

 





[2]
See
Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003).

 





[3]
See
id. § 38.04(a), (b)(2)(A) (Vernon Supp. 2010).

 





[4]
See
id. § 12.42(b) (Vernon Supp. 2010).

 





[5]
The other count of burglary of a habitation is
not referred to in the judgment or otherwise referred to after the plea of
guilty was received.





[6]
The enhancement paragraph contained in the
evading arrest indictment is actually an element of the offense and not a true
enhancement of punishment.

 





[7]
Further reference to the Code of Criminal
Procedure will be by reference to art. or article.

 





[8]
Further reference to the Texas Rules of
Appellate Procedure will be by reference to rule ___ or Rule ____.

 





[9]
Further reference to the Texas Penal Code shall
be by reference to § ____ or section ____.





[10]
Although the State characterized the prior
evading offense as an enhancement, it is actually an element of § 38.04(b)(2)(A).  See Calton v. State, 176 S.W.3d
231, 234 (Tex.Crim.App. 2005).